THE STATE *ex rel.* CRAMER, *Prosecuting Attorney,* v. HAGER *et al., Judges of the Cape Girardeau County Court, Appellants.*

Injunction: LEVYING ILLEGAL TAXES: PRESUMPTION. In a proceeding by injunction, to prevent the judges of a county court from levying illegal taxes, *held,* that it cannot be presumed, in the absence of proof to that effect, that they would be guilty of making such levy in violation of the constitution and statutes of the state, and, for that reason, the temporary injunction should have been dissolved and the bill dismissed.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED AND REMANDED.

*R. B. Oliver* for appellants.

(1) Upon the agreed statement of facts, the injunction should have been dissolved, and judgment rendered for defendants. *Dallas County v. Merrill*, 77 Mo. 573. (2) The court, in its judgment, attempted to adjudicate the property rights of individuals without first giving them their day in court. This it could not do. Const. of Mo., art. 2, sec. 30. (3) To tie up the machinery through which the holders of these bonds must depend for collection would tie up and destroy the value of the bonds. Before this can legally be done, the parties in interest ought to be, and must be, in court. (4) If the bonds had never been delivered by the court, this action would not only have been proper, but efficacious. As the bill charges the bonds to have been delivered to the Cape Girardeau and State Line Railroad, no judgment of the circuit court could, in any way, impair or destroy the value of the bonds, unless the holders thereof were parties to the suit.

*D. L. Hawkins* and *Wilson Cramer* for respondent.

(1) The unconstitutionality of the act of March 23, 1868, entitled, "An act to facilitate the construction of railroads in the state of Missouri," has been so often affirmed by this court that it is not longer a matter of discussion. *Webb v. Lafayette County*, 67 Mo. 353; *State ex rel. v. Brassfield*, 67 Mo. 331; *State ex rel. v. Walker*, 85 Mo. 41. (2) The act being unconstitutional and void, the bonds issued, by virtue of its provisions, are also void, and the judgment of the court below, enjoining the county court from levying taxes for their payment, was proper. *Hayes v. Dowis*, 75 Mo. 250; *Ranney v. Bader*, 67 Mo. 476.

BRACE, J.—This is a proceeding by injunction, in-

stituted by the respondent as prosecuting attorney of Cape Girardeau county, against the appellants, judges of the county court of said county, seeking to restrain said judges from levying taxes upon the property of the taxpayers of Cape Girardeau township, in said county, to pay the interest on certain bonds issued by said county in behalf of said township in aid of the Cape Girardeau & State Line Railway, by virtue of an act of the General Assembly of the state of Missouri, approved March 23, 1868, generally known as the township aid act. A temporary injunction was granted by the judge of the circuit court in vacation. The appellants appeared, filed their answer, denying each and every allegation contained in the petition, and the case coming on to be heard on their motion to dissolve the injunction was submitted to the court upon the following agreed statement of facts:

. "It is hereby agreed by and between the parties, plaintiff and defendants in this cause, that the same shall be submitted to the court upon the following agreed statement of facts, which, it is believed, embraces all matters material to either party:

"1. That Maurice Cramer is the prosecuting attorney of Cape Girardeau county, Missouri.

"2. That William Hager, Samuel Hitt, and Robert M. Snider are the judges of the county court of said county.

"3. That in the year, 1869, under the provisions of an act of the General Assembly of the state of Missouri, entitled 'an act to facilitate the construction of railroads in the state of Missouri,' approved March 23, 1868, the county court of Cape Girardeau county, for and in behalf of the township of Cape Girardeau, in said county, subscribed one hundred and fifty thousand dollars to the capital stock of the Cape Girardeau & State Line Railroad Company, a corporation duly or-

ganized under the laws of the state of Missouri, and afterwards issued bonds in that sum, with interest coupons attached, running twenty years and bearing eight per cent. interest.

"4. That the said bonds so issued by said county court are yet outstanding and unpaid.

"5. That the holders of such interest coupons heretofore becoming due have brought their several suits to enforce the collection thereof, and to compel the collection of taxes for the payment of their several claims.

"6. That the said bonds so issued are now about to become due, and that there are interest coupons now past due and unpaid and not yet in suit, as well as others about to fall due, which the holders thereof threaten to collect or attempt to collect by suits at law, and by compelling or causing the county court of said county to have assessed, levied, and collected a tax or taxes for the payment of such claims."

It was charged in the petition, "that the said defendants, judges as aforesaid, have heretofore levied and caused to be collected a special tax upon all the property, real and personal, in said township of Cape Girardeau, to pay off said interest coupons, and the said county court now threatens, as this plaintiff is informed and believes, to make further levies of taxes upon property of the taxpayers of said township, both real and personal, and will cause the same to be collected unless restrained by the orders and judgment of the circuit court."

This essential and material allegation of the petition, upon which rested plaintiff's right to maintain this action, was denied by the defendants in their answer, and remains wholly unproved by any or all of the facts contained in the agreed statement. There is not a scintilla of evidence that the county judges have ever levied the tax complained of, or tending to prove that they ever threatened or intended to do so, or that plaintiff

had any reason to believe that they ever contemplated doing so. Since the bonds mentioned in the agreed statement of facts were issued, the act of March 23, 1868, has been held by this court to be unconstitutional and void. *State ex rel. v. Brassfield*, 67 Mo. 331; *Webb v. Lafayette County*, 67 Mo. 353; *State ex rel. v. Walker*, 85 Mo. 41. And by an act of the General Assembly passed in 1879, the judges of the county court were prohibited from making a levy of taxes to pay an indebtedness or liability of this character, except upon the order of the circuit court, or the judge thereof in vacation, made upon being satisfied of the necessity of such taxes, and that the assessment, levy, and collection thereof will not be in conflict with the constitution and laws of this state. R. S., 1879, secs. 6798 and 6799. Should they have made such levy without such an order, they would have been guilty of a criminal offence and have incurred a heavy penalty. R. S., 1879, sec. 6800. It cannot be presumed, in the absence of any proof, that the appellants would be guilty of a violation of the constitution and laws of the state, and thereby bring upon themselves the punishment of such criminal conduct; on the contrary, the presumptions are all the other way.

The temporary injunction should have been dissolved, and the bill dismissed on the evidence in the case, and the appellants should have had judgment for costs with an assessment of their damages, if any, upon the bond, and in order that such action be taken, this cause is reversed and remanded to said circuit court.